UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINO RAMIREZ, ) | |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | Honorable Judge_____ |
| ) | |
| NDC OF ILLINOIS, INC. d/b/a ) | Jury Trial Demanded |
| ROSATI'S PIZZA; SANS OF ) | |
| MONTGOMERY, INC. d/b/a ROSATI'S ) | |
| PIZZA; SANCAR, INC., d/b/a ROSATI'S ) | |
| PIZZA OF DEKALB; and ARTURO ) | |
| CARLOS; ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff Lino Ramirez, brings this action against Defendants NDC of Illinois, Inc.; Sans of Montgomery, Inc.; Sancar, Inc; and Arturo Carlos; for their violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law.

### Background

1. Plaintiff was a Cook employed by Defendants, he made pizzas in addition to the other items on the menu at the respective restaurant locations. Plaintiff and the other Cooks would routinely work more than 40 hours per week, but were not compensated at a one-and-a-half times hourly rate for those overtime hours. This Complaint arises from Defendants' failure to pay Plaintiff one-and-a-half times his regular rate of pay for hours worked in

excess of forty in a workweek. Plaintiff now seeks to recover unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

## Venue

2. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiff in Kendall County, Will County, DeKalb County, and this judicial district.

3. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## Parties

4. Lino Ramirez was employed with Defendants from approximately December 2009 to early 2015, and then again from early 2016 to April 2017 when he was terminated. Plaintiff worked as a Cook.

5. Mr. Ramirez has worked at three of Defendant Carlos' restaurant locations: Rosati's Pizza in Oswego; and Rosati's Pizza in Montgomery; and Rosati's of DeKalb. He worked at the Oswego and Montgomery locations concurrently from 2009 to 2015, and then at all three locations concurrently from 2016 to his termination in 2017.

6. Defendant NDC of Illinois, Inc. does business under the name Rosati's Pizza in Oswego ("NDC" or "Rosati's Oswego").

7. Defendant Sans of Montgomery does business under the name Rosati's Pizza in Montgomery (sometimes referred to as Rosati's Pizza Pub) ("Sans" or "Rosati's Montgomery").

8. Rosati's Pizza of DeKalb is the d/b/a for Sancar, Inc., ("Sancar" or "Rosati's DeKalb")

9. Defendant Arturo Carlos owns, manages, and operates the defendant entities ("Carlos" or "Defendant Carlos").

10. During the relevant times, Defendants Rosati's Oswego, Rosati's of Montgomery, Rosati's Pizza of DeKalb, and Arturo Carlos were Plaintiff's employers for the purposes of the FLSA and IMWL.

## Facts

11. During almost every one of workweeks that Plaintiff was employed by Defendants, he worked in excess of forty hours in a workweek, with an average number of hours worked per week approximating 65-70 hours/week.

12. Defendants paid Plaintiff an hourly rate of $14.00. in 2014 and 2015. Plaintiff was paid an hourly rate of $15.00 in 2017.

13. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate of pay for hours worked in excess of forty in a workweek.

14. Plaintiff was also not paid for time during the workday when he traveled between two of Defendants' locations. This occurred most frequently between 2009 and 2015 when he only worked at the Oswego and Montgomery locations.

15. In 2016 and 2017, when Plaintiff lived in DeKalb and primarily worked at the DeKalb location, Plaintiff was also not paid for time traveling to the Oswego and Montgomery locations when he was asked to report to those locations for work.

16. Similarly, cooks who worked restaurants owned or operated by Defendant Carlos routinely worked in excess of fifty hours in a workweek.

17. Defendants never paid the other cooks who worked at restaurants owned or operated by Martinez one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

### Enterprise Status

18. From October 2013 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

19. During the relevant times, the restaurants owned or operated by Carlos collectively engaged in well over $500,000 in annual revenue.

### COUNT I – FAIR LABOR STANDARDS ACT

20. Plaintiff incorporates all prior allegations as if fully stated herein.

21. Defendants employed Plaintiff.

22. Plaintiff regularly worked for Defendants in excess of forty hours in a workweek.

23. Plaintiff was not an exempt employee as defined by the FLSA and relevant regulations.

24. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek.

25. Defendants' violations of the FLSA were willful.

**WHEREFORE**, Plaintiff asks the Court to enter judgment against Defendants and issue an order:

    a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

    b. Declaring that Defendants' conduct violated the FLSA;

    c. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

    d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

    e. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

26. Plaintiff incorporates all prior allegations as if fully stated herein.

27. Defendants employed Plaintiff.

28. Plaintiff regularly worked for Defendants in excess of forty hours in a workweek.

29. Defendants never paid Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek.

30. Defendants' violations of the IMWL were willful.

**WHEREFORE**, Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Declaring that the actions complained of herein violate 820 ILCS 105/4a;

b. Awarding Plaintiff compensatory damages in an amount be determined at trial;

c. Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

d. Awarding unpaid wages due as provided by the IMWL;

e. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

f. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

g. Awarding such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully Submitted,

By: /s/ Kevin O'Connor             .
One of Plaintiff's Attorneys

Kevin F. O'Connor (ARDC #6300449)
Heewon O'Connor (ARDC # 6306663)
O'Connor | O'Connor,
P.C. 110 E. Schiller St.,
Ste 312
Elmhurst, IL 60126
Office. 630-903-6397
Fax. 630-658-0336